## In re Lower Ormrod Community Water Association

*James C. Lanshe,* for applicant.

HENNINGER, P. J., November 13, 1951.—Fourteen home owners in the Village of Lower Ormrod, Lehigh County, purchased their homes from Lehigh Portland Cement Company, which agreed to furnish them with water for two years, after which time they would be required to find their own supply.

They have purchased a lot, dug a well and installed an electric pump and have applied for a charter as a nonprofit corporation for the sole purpose of paying the bills and allocating the costs among the members.

The purpose is lawful and laudable and while it is pecuniarily beneficial to the members, it is not commercial or for profit. Our only hesitation was on the ground that it might be a coöperative association, which is not eligible for incorporation as a nonprofit corporation under section 4 of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, as amended, 15 PS §2851-4.

If the relations between the incorporators were to be that of a coöperative association, it would have to be under the Act of June 7, 1887, P. L. 365, 14 PS §1 et seq., for it is not an agricultural association, emergency relief association, a credit union or an electric coöperative.

Section 1 of the Act of 1887, supra, 14 PS §1, provides, in part, as follows:

"Co-operative associations, productive and distributive, may be incorporated under this act, upon compliance with its requirements, by any five or more farmers, mechanics, laborers, or other persons, who shall have associated themselves together by written articles of association, such as are hereinafter described, for the purpose of carrying on any agricultural, horticultural, mining, quarrying, building, mechanical,

manufacturing or commercial, or for the purpose of manufacturing, cultivating, raising, trading or dealing in all kinds of goods, wares, merchandise, chattels, grains, vegetables, roots, fruits and other produce, or animals for sale, food or other purposes, or for the purpose of buying, selling, holding, leasing or improving lands, tenements or buildings. . . ."

The common interest of the incorporators is not their employment but the proximity of their dwellings. They are, nevertheless, "five or more other persons" under the quoted act. Distribution of water is not, however, aptly described in any of the permitted activities, nor is water aptly described by the words "other produce."

The distribution of water is analogous to the furnishing of electricity, but apparently the legislature deemed it necessary to pass a separate coöperative act to provide for the furnishing of electricity: Act of June 21, 1937, P. L. 1969, 14 PS §251, et seq. It would seem, therefore, that if the supply and distribution of water is to be within the scope of coöperative associations, it would require further legislation to do so. It suffices our ends to find that it is not now one of the purposes for which a coöperative association may be formed.

If this were a larger enterprise with paid officers and employes or with the right to serve other than members, we would hesitate to grant a charter for a nonprofit corporation and the attention of the incorporators is called to the limited rights granted to them as a nonprofit corporation.

Now, November 13, 1951, a decree is entered granting a charter to Lower Ormrod Community Water Association in form as attached to the articles of incorporation.